IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-293-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PRENTICE BEST, | ) | |
| | ) | |
| Defendant. | ) | |

On June 23, 2023, Prentice Best ("Best" or "defendant"), proceeding pro se, moved for a sentence reduction [D.E. 119]. On July 10, 2023, Best, proceeding pro se, moved for compassionate release under the First Step Act [D.E. 121]. On July 17, 2023, Best filed a letter in support of his motions [D.E. 123]. As explained below, the court denies Best's motions for a sentence reduction and compassionate release.

I.

On May 20, 2020, with a written plea agreement, Best pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. See [D.E. 16, 70]. On September 15, 2020, the court held Best's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 79]; [D.E. 82, 85]; Fed. R Crim. P. 32(i)(3)(A)–(B). The court calculated Best's total offense level to be 27, his criminal history category to be IV, and his advisory guideline range to be 120 to 125 months' imprisonment. See PSR ¶ 75; [D.E. 86] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Best to 120 months' imprisonment. See [D.E. 82, 85]. Best did not appeal.

On March 19, 2021, Best moved for compassionate release under the First Step Act. See [D.E. 103]. On June 22, 2021, the government responded in opposition and filed an exhibit in support. See [D.E. 110, 111]. On December 16, 2022, the court denied Best's motion for compassionate release. See [D.E. 115]. Best did not appeal.

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines

2

whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Best seeks compassionate release under section 3582(c)(1)(A). See [D.E. 121] 1. In support, Best argues extraordinary and compelling circumstances exist because: (1) of his rehabilitation efforts while incarcerated and (2) his "health is not great." Id.; see [D.E. 119].

Best does not detail whether he has exhausted his administrative remedies and does not argue that the court should waive the exhaustion requirement. See [D.E. 119, 121]. Best did not exhaust his administrative remedies before he moved for compassionate release on March 19, 2021. See [D.E. 103, 115]. The court assumes without deciding that waiver is appropriate and addresses Best's motion on the merits.

As for the "medical circumstances of the defendant" policy statement, the policy statement requires, in relevant part, that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Best states that his "health is not great." [D.E. 121] 1. Best does not allege that his condition is terminal. Cf. U.S.S.G. § 1B1.13(b)(1)(A). Best provides no information indicating that his health "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Best fails to demonstrate that his condition inhibits his ability to provide self-care in his correctional facility. See, e.g., United States v. Barnhart, No. 7:17-CR-55, 2023 WL 8283635, at *2 (W.D. Va. Nov. 30, 2023) (unpublished); United States v. Madison, No. CR JKB-21-37, 2023 WL 4052237, at *1 (D. Md. June 16, 2023) (unpublished), appeal dismissed, No. 23-6681, 2023 WL 9132369 (4th Cir. Sept. 13, 2023); United States v. Smith, No. 3:15-CR-101, 2021 WL 3641463, at *2 (E.D. Va. Aug. 17, 2021) (unpublished). Thus, reducing Best's sentence because

4

of his condition does not comport with U.S.S.G. § 1B1.13(b)(1)(B).

As for the "other reasons" policy statement, although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9. Best's rehabilitation efforts are not an extraordinary and compelling reason for a sentence reduction.

The court assumes without deciding that Best's health condition is an extraordinary and compelling reason under section 3582(c)(1)(A). The section 3553(a) factors, however, counsel against reducing Best's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Best is 41 years old and engaged in serious criminal conduct. See PSR ¶¶ 14–21. Before his federal incarceration, Best made his living as a drug dealer and distributed or possessed with the intent to distribute 2.28 kilograms of methamphetamine. See id. Best attempted to obstruct justice, driving away from law enforcement and throwing a bag of methamphetamine out of his car window when agents attempted to stop him in his vehicle after observing him meeting with a heroin and methamphetamine dealer. See id. at ¶ 18. Best also has an extensive criminal history. See id. at ¶¶ 26–45. Best has convictions for disorderly conduct, driving while license revoked (seven counts), possession of stolen goods (three counts), possession of schedule VI controlled substances, possession of marijuana, and felony possession of cocaine. See id. Best also repeatedly failed on probation. See id. at ¶¶ 29, 31–33. Best maintains that he has made efforts at rehabilitation while incarcerated. See [D.E. 119, 121]. Best claims that he has participated in programming, maintained work assignments, and "developed into a better version of himself." [D.E. 121] 1; see [D.E. 119].

Having considered the entire record, the section 3553(a) factors, Best's arguments, and the

5

need to punish Best for his serious criminal behavior, to incapacitate Best, to promote respect for the law, to deter others, and to protect society, the court denies Best's motion for a sentence reduction and motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for a sentence reduction [D.E. 119] and for compassionate release [D.E. 121].

SO ORDERED. This 5 day of September, 2025.

JAMES C. DEVER III
United States District Judge